UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WISCONSIN LOG HOMES, INC.,
2930 Pamperin Road
Green Bay, Wisconsin 54313

                            Plaintiff,           Case No.: 26CV1121

v.

HANS HUMMEL,
1000 College View Drive
Riverton, WY 82516,

HUMMEL HANS LIVING TRUST DTD 12/16/15
c/o Hans Hummel, as trustee,
1000 College View Drive
Riverton, WY 82516,

and

RAY APODACA
36 Haymaker Road
Riverton, WY 82501

                            Defendants.

_____

**COMPLAINT**

_____

NOW COMES the above-named Plaintiff Wisconsin Log Homes, Inc. (hereinafter "Wisconsin Log Homes"), by and through its attorneys, Law Firm of Conway, Olejniczak, & Jerry, S.C., and as for its Complaint against the Defendants alleges and shows to the Court as follows:

**NATURE OF THE ACTION**

1.     This action for copyright infringement arises under the United States Copyright Act (17 U.S.C. § 501) and Wisconsin state common law and statutory claims. Wisconsin Log

1

Homes seeks, among other things, an injunction and damages stemming from Defendants' infringement of Plaintiff's copyrights of the home plan design titled the Cumberland, breach of agreement, and unauthorized construction of the home using such plans.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, 1332, and § 1338(a), as this case arises under 17 U.S.C. § 501.

3. This Court has jurisdiction over any state law claims alleged pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the events giving rise to the causes of action contained herein occurred in this district.

5. All conditions precedent to the commencement of this action have been satisfied, including those set forth in 17 U.S.C. § 411.

## PARTIES

6. Plaintiff Wisconsin Log Homes is a Wisconsin corporation with its principal place of business located at 2390 Pamperin Road, Green Bay, Wisconsin 54313.

7. Upon information and belief, Defendant Hans Hummel (hereinafter "Hummel") is an adult individual residing at 1000 College View Drive, Riverton, Wyoming 82516.

8. Upon information and belief, Defendant Hummel Hans Living Trust Dated 12/16/15 is a trust operated under the authority of, upon information and belief, Hans Hummel, as trustee, and residing at 1000 College View Drive, Riverton, Wyoming 82516.

9. Upon information and belief, Defendant Ray Apodaca (hereinafter "Apodaca") is an adult individual residing at 36 Haymaker Road, Riverton, Wyoming 82501.

## GENERAL ALLEGATIONS

2

10. Wisconsin Log Homes builds custom log and timber homes for customers in Wisconsin and throughout the United States.

11. Wisconsin Log Homes' primary business is not selling the designs, drawings or plans for any of its model homes including, but not limited to, the "Cumberland;" but rather, its primary business is designing homes and selling the home package to construct such designed homes.

12. Employees of Wisconsin Log Homes created the Cumberland as part of their normal job duties in or about October 2011.

13. The Cumberland building plans, designs and drawings are solely owned by and original to Wisconsin Log Homes.

14. Wisconsin Log Homes expended significant amounts of time, capital, effort, and resources in the creation of the Cumberland plans, designs, and/or drawings.

15. The Cumberland plans, designs and/or drawings are subject matter that may be copyrighted pursuant to the laws of the United States.

16. Wisconsin Log Homes possesses a registered United States copyright for the Cumberland architectural work or design, Registration No. VA 2-500-847. A true and correct copy of the copyright registration for the Cumberland architectural design, effective date of registration is May 7, 2026, is attached hereto as Exhibit A.

17. Wisconsin Log Homes possesses a registered United States copyright for the Cumberland technical drawing, Registration No. VA 2-500-850. A true and correct copy of the copyright registration for the Cumberland technical drawing, effective date of registration is May 7, 2026, is attached hereto as Exhibit B.

3

18. On September 27, 2022, Hummel contacted Wisconsin Log Homes via e-mail to inquire about Wisconsin Log Homes' "Cumberland design." A true and correct copy of Hummel's September 27, 2022 e-mail is attached and marked as Exhibit C.

19. During this initial contact, Hummel indicated that he was interested in working with Wisconsin Log Homes to design and build a home using Wisconsin Log Homes' Cumberland design.

20. Wisconsin Log Homes and Hummel executed a Preliminary Design Agreement on October 19, 2022 (the "Agreement"), which started the design process to create a floor plan based on the Cumberland. A true and correct copy of the Agreement is attached and marked as Exhibit D.

21. The Agreement entered into by Hummel clearly stated that the plans were only for preliminary purposes, and that the plans shall not be used by Hummel unless a material package was subsequently purchased from Wisconsin Log Homes or, if Hummel opted not to purchase the material package, he could purchase the right to use the plans through a specific license agreement.

22. Thereafter, Wisconsin Log Homes worked with Hummel and his contractor Apodaca, to design Hummel's home using the Cumberland design.

23. Wisconsin Log Homes never licensed its design or otherwise transferred any intellectual property rights or interests embodied in the Cumberland plans, designs or drawings to Hummel or Apodaca.

24. Wisconsin Log Homes sent an updated Cumberland floor plan, along with the contract for a materials package with detailed pricing, to Hummel on or about February 16, 2023.

4

A true and correct copy of the Cumberland floor plan sent to Hummel on or about February 16, 2023 is attached and marked as Exhibit E.

25. After receiving no response from Hummel, on February 27, 2023, Wisconsin Log Homes sent another message to Hummel about the design and materials package.

26. Hummel responded on February 27, 2023, indicating that he forwarded the information to Apodaca and was awaiting Apodaca's response.

27. Wisconsin Log Homes and Hummel had a similar exchange on March 28, 2023, where Hummel reiterated that he had not heard back from Apodaca.

28. On May 8, 2023, Wisconsin Log Homes emailed Hummel to provide an update on lead times and Hummel responded he has "decided not to move forward at this point" and that he has "enjoyed working with you through the process so far."

29. Wisconsin Log Homes promptly responded to Hummel, informing him that if he wished to continue in the future, the plans could be rebid or a copyright release could be obtained.

30. After May 8, 2023, Hummel ceased communication with Wisconsin Log Homes.

31. At no point did Hummel or Apodaca sign a contract for a material package or purchase any right or license to use the copyrighted floor plans from Wisconsin Log Homes.

32. At some point after the final communication between Hummel and Wisconsin Log Homes in May 2023, Hummel, upon information and belief, transferred the copyrighted floor plans from Wisconsin Log Homes and/or Exhibit E to Apodaca with the intent and understanding to have Apodaca construct the home pursuant to said copyrighted floor plans and/or Exhibit E, without consent from Wisconsin Log Homes and in breach of the Agreement.

5

33.    On July 10, 2024, over a year after last hearing from Hummel, Wisconsin Log Homes received a telephone call from Apodaca generally inquiring about roof trusses related to the Cumberland design; however, Apodaca ended the call by indicating he would be "going in a different direction" regarding the Cumberland.

34.    Wisconsin Log Homes did not receive any further communication from Apodaca after his July 10, 2024 telephone call.

35.    Concerned that Defendants may attempt to build a home through unauthorized use of the Cumberland design, in or around April of 2026, Wisconsin Log Homes discovered that Hummel and Apodaca were building or have already built a home located at 27 Riverbottom Rd, Kinnear, Wyoming (hereinafter "Infringing Property"), which was copied from or, in the alternative, derivative of the home design plan, the architectural design, and the technical drawing of Wisconsin Log Homes' Cumberland design and/or Exhibit E. A true and correct copy of a blueprint of the Cumberland design and a satellite image of the Infringing Property taken from Fremont County, Wyoming public records, are attached and marked as Exhibit F.

36.    Wisconsin Log Homes sent written correspondence to Hummel and Apodaca in April 2026 notifying them of, among other things, their wrongful and unauthorized use of Wisconsin Log Homes' property and plans, Hummel's breach of the Agreement, and demanding they cease any further use of such Wisconsin Log Homes' property and plans.

37.    The Infringing Property constitutes a derivative work infringing Wisconsin Log Homes' copyright protected works in violation of 17 U.S.C. § 501.

### COUNT I -- WILLFUL COPYRIGHT INFRINGEMENT
#### Against Defendants

38.    Wisconsin Log Homes realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

6

39.     The Cumberland is an original work of authorship entitled to copyright protection. This original work of authorship includes the home design plan, and technical drawing of the Cumberland, as well as the architectural design/work found in the constructed Infringing Property.

40.     As evidenced by the copyright registrations attached as Exhibits A-B, Wisconsin Log Homes owns all copyrights to the Cumberland.

41.     Wisconsin Log Homes has not licensed, assigned, authorized, or otherwise given permission to any of the above-referenced Defendants to copy, reproduce, sell, distribute, license, display, build, or otherwise use the Cumberland, or to create or use any derivative works based thereon.

42.     Hans Hummel has knowingly, willfully, and intentionally infringed Wisconsin Log Homes' copyrights to the Cumberland by using, reproducing, selling, and/or distributing the Cumberland plans, designs, and drawings and by building the Infringing Property, which is identical or nearly identical to Wisconsin Log Homes' Cumberland in appearance, function, and arrangement.

43.     Ray Apodaca has knowingly, willfully, and intentionally infringed Wisconsin Log Homes' copyrights to the Cumberland by using, reproducing, selling, and/or distributing the Cumberland plans, designs, and drawings and by building the Infringing Property, which is identical or nearly identical to Wisconsin Log Homes' Cumberland in appearance, function, and arrangement.

44.     Defendants' unauthorized use of Plaintiff's copyrighted work was willful, intentional, and/or reckless.

7

45. Upon information and belief, Defendants have profited from such infringement in an amount to be determined at trial.

46. As a direct and proximate result of the Defendants' infringement, Wisconsin Log Homes has been, and continues to be, substantially injured in its business, including, but not limited to, suffering irreparable harm to—among other things—the goodwill and reputation of its business or products, and the loss of revenues and profits.

## COUNT II – NON-WILLFUL COPYRIGHT INFRINGEMENT
### Against Defendants

47. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

48. Alternatively, Defendants, without knowledge or intent, infringed on Wisconsin Log Homes' copyrights to the Cumberland.

49. The Cumberland is an original work of authorship entitled to copyright protection. This original work of authorship includes the home design plan, and technical drawing of the Cumberland, as well as the architectural design/work found in the constructed Infringing Property.

50. As evidenced by the copyright registrations attached as Exhibits A-B, Wisconsin Log Homes owns all copyrights to the Cumberland.

51. Wisconsin Log Homes has not licensed, assigned, authorized, or otherwise given permission to any of the above-referenced Defendants to copy, reproduce, sell, distribute, license, display, build, or otherwise use the Cumberland, or to create or use any derivative works based thereon.

52. Hans Hummel has infringed Wisconsin Log Homes' copyrights to the Cumberland by using, reproducing, selling, and/or distributing the Cumberland plans, designs,

8

and drawings and by building the Infringing Property, which is nearly identical to Wisconsin Log Homes' Cumberland in appearance, function, and arrangement.

53. Ray Apodaca has infringed Wisconsin Log Homes' copyrights to the Cumberland by using, reproducing, selling, and/or distributing the Cumberland plans, designs, and drawings and by building the Infringing Property, which is nearly identical to Wisconsin Log Homes' Cumberland in appearance, function, and arrangement.

54. Upon information and belief, Defendants have profited from such infringement in an amount to be determined at trial.

55. As a direct and proximate result of the Defendants' infringement, Wisconsin Log Homes has been, and continues to be, substantially injured in its business, including, but not limited to, suffering irreparable harm to—among other things—the goodwill and reputation of its products, and the loss of revenues and profits.

## <u>COUNT III – BREACH OF CONTRACT</u>
### <u>Against Hummel</u>

56. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

57. Wisconsin Log Homes and Hummel entered into a valid and enforceable contract when Hummel signed the Agreement.

58. Wisconsin Log Homes performed its obligations under the Agreement when it created and provided the design, as shown in Exhibit E.

59. Hummel breached the Agreement by failing to perform duties and/or comply with their obligations under the Agreement when they utilized plans, designs, blueprints, drawings, and/or renderings provided to them by Wisconsin Log Homes without purchasing a Wisconsin

9

Log Homes material package, or purchasing a one-time license to use the aforementioned design created by Wisconsin Log Homes.

60. Such breach conduct, violation, and/or failures by Hummel constitute a material breach of the Agreement.

61. As a direct and proximate result of Hummel's breach of the Agreement, Wisconsin Log Homes has been, and continues to be, substantially injured in its business, including, but not limited to, suffering irreparable harm to—among other things—the goodwill and reputation of its products, and the loss of revenues and profits.

62. Wisconsin Log Homes is entitled to recover damages in an amount to be proven at trial, together with such other relief as the Court deems appropriate.

## COUNT IV – UNJUST ENRICHMENT
### Against Defendants

63. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

64. Wisconsin Log Homes conferred a benefit upon Defendants by designing the Cumberland to Defendants' specifications.

65. Defendants have wrongly retained the benefit of Wisconsin Log Homes' designs, drawings, and/or plans, for which Defendants have not paid.

66. Defendants continue to retain the benefit of Wisconsin Log Homes' designs, drawings and/or plans without having paid anything to Wisconsin Log Homes.

67. It would be unjust to allow Defendants to continue to retain the benefit of Wisconsin Log Homes' designs, drawings and/or plans without compensating Wisconsin Log Homes for the same.

10

68. Defendants' acceptance and retention of the benefit occurred under circumstances that make it inequitable for Defendants to retain the benefit without paying Wisconsin Log Homes the value of the benefit.

69. As a result of Defendants' unjust enrichment, Wisconsin Log Homes is entitled to compensation or restitution and disgorgement of Defendants' wrongfully acquired profits, together with further relief as the Court deems just and equitable.

<u>**COUNT V – MISREPRESENTATION**</u>
<u>**Against Defendants**</u>

70. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully state herein.

71. Defendants made representations, either negligently or intentionally, that they would not be using the Cumberland plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E) provided to them by Wisconsin Log Homes and had "decided not to move forward at this point."

72. Conversely, Defendants knowingly omitted material information from Wisconsin Log Homes concerning Defendants' intent to use, in whole or in part, Wisconsin Log Homes' Cumberland plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E) to build the Infringing Property, which Wisconsin Log Homes had no way of knowing at the time and which Defendants' omissions were intended to deter Wisconsin Log Homes from enforcing or protecting its rights.

73. The representations made by Defendants, and/or the foregoing, were false.

74. Defendants subsequently used Wisconsin Log Homes' plans to construct a home, demonstrating that they knew their statements were false when made or, at the very least, they

11

were negligent in making such statements; and/or they knew that their omissions would deceive Wisconsin Log Homes.

75. Upon information and belief, Defendants made the representations and/or omissions with intent to induce Wisconsin Log Homes to act or refrain from acting.

76. Upon information and belief, Defendants' omissions and/or false statements were made to prevent Wisconsin Log Homes from taking action to protect its plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E), or to seek compensation for their use.

77. Wisconsin Log Homes believed the representations made by Defendants were true and relied upon Defendants' statements and/or omissions and, as a result, refrained from taking protective action.

78. Wisconsin Log Homes suffered material damages as a result of Defendants' false statements and/or material omissions.

79. As a result, Wisconsin Log Homes has suffered pecuniary damages in an amount to be determined at trial and any other damages afforded under applicable law.

### COUNT VI – CIVIL THEFT (Wis. Stat. § 943.20 and § 895.446) Against Defendants

80. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully state herein.

81. Hummel received a temporary and limited right, as a bailee or similar limited user, to Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E), subject to the express limitations of the Agreement.

82. However, Hummel intentionally used, transferred, concealed, or retained possession of such Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or

renderings (which includes Exhibit E) contrary to his authority, without Wisconsin Log Homes' consent, and with the intent to convert to his own use and/or the use of Apodaca.

83. Apodaca never had any authority, and never had Wisconsin Log Homes' consent, to use or retain possession of such Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E).

84. Upon information and belief, Defendants intentionally deceived Wisconsin Log Homes with false representations, knowingly failing to disclose material facts, and/or knowingly concealing material facts, in order to obtain or use Wisconsin Log Homes' plans, designs, blueprints, drawings and/or renderings (which includes Exhibit E), without authorization and/or beyond their authorization.

85. Defendants' deceptive actions and misappropriation was contrary to their authority and was done with the intent to convert Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E), for their own use and in violation of Wisconsin Log Homes' rights.

86. Defendants remain in possession of, and have intentionally failed to return, Wisconsin Log Homes' plans, designs, blueprints, drawings and/or renderings (which includes Exhibit E) despite their unauthorized misappropriation and/or exceeding of their authority.

87. Wisconsin Log Homes has suffered damages as the direct result of such actions in an amount to be determined at trial including, but not limited to, actual damages, exemplary damages, and attorneys' fees.

## COUNT VII—CONVERSION
### Against Defendants

88. Wisconsin Log Homes realleges and reincorporates herein by reference the allegations in the foregoing paragraphs, as if fully state herein.

13

89. Wisconsin Log Homes had a property right and/or interest in the Cumberland plans, designs, blueprints, drawings, and/or renderings, which includes Exhibit E.

90. Defendants exercised unauthorized control over such Wisconsin Log Homes' property and/or exceeded their authority or permission in relation to such Wisconsin Log Homes' property.

91. Defendants used Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E) to construct a home without authorization.

92. Defendants' control and unauthorized use of Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings (which includes Exhibit E) was inconsistent with and in violation of Wisconsin Log Homes' property rights.

93. Such actions by Defendants resulted in substantial interference with Wisconsin Log Homes' rights, interests, and authority.

94. Wisconsin Log Homes suffered material damages from the unauthorized use of the Wisconsin Log Homes' plans, designs, blueprints, drawings, and/or renderings.

95. As a result, Wisconsin Log Homes has suffered pecuniary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

A. Judgement in Wisconsin Log Homes' favor on all causes of action;

B. An Order impounding, pursuant to 17 U.S.C. § 503(a), all infringing materials in the possession of Defendants and permanently enjoining Defendants from displaying, selling, advertising, distributing, building, and/or commercializing the home design, architectural design, and technical drawings in any manner in

14

violation of any of Wisconsin Log Homes' copyrights. This shall include an injunction against making, distributing, licensing, or building homes based on the designs and/or Infringing Design;

C.     An Order requiring an accounting to be made to determine Defendant Ray Apodaca's profits resulting from his acts of copyright infringement, and that such profits be paid over to Wisconsin Log Homes and increased as the court finds to be just under the circumstances of this case;

D.     An award to Wisconsin Log Homes of all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringements and for all other damages incurred by Wisconsin Log Homes;

E.     An award to Wisconsin Log Homes of damages under Wis. Stat. § 895.446;

F.     An award to Wisconsin Log Homes of its cost and expenses, including actual attorneys' fees and interest; and

G.     Such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues in this action.

Dated this 24th day of June, 2026

LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiff


By:  _s/Kurt A. Goehre_____
        Kurt A. Goehre, SBN 1068003
        Jason D. Sutherland, SBN 1135592

15

<u>POST OFFICE ADDRESS:</u>
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
kag@lcojlaw.com
jds@lcojlaw.com

16